Get Summons from http://www.nysd.uscourts.gov/forms/sumciv.pdf.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAJIV GARG,

            Plaintiff,

    -against-

THE HARTFORD LIFE INSURANCE COMPANY
and CREDIT SUISSE FIRST BOSTON
CORPORATION,

            Defendants.

-------------------------------------------------------------X

Civil Action No:

**VERIFIED COMPLAINT**

      The plaintiff, RAGIV GARG, by his attorneys, WEISER & ASSOCIATES, complains against the defendants, THE HARTFORD INSURANCE COMPANY and CREDIT SUISSE FIRST BOSTON CORPORATION, stating upon information and belief:

### As and For a Cause of Action against the Hartford Life Insurance Company

1.      This claim arises under the Employee Retirement Income Security Act of 1974, Title 29 U.S.C. §§ 1001 *et seq*.

2.      The plaintiff currently resides at 860 U.N. Plaza, Apt. 4E, In the City of New York, County of New York, and State of New York.

3.      At all times mentioned the defendant, THE HARTFORD INSURANCE COMPANY, was and is a duly organized and existing corporation chartered under and by virtue of the laws of the State of Connecticut, with its principal place of business at 200 Hopsmeadow Street, in the town of Simsbury, State of Connecticut.

4.      At all times mentioned the defendant, CREDIT SUISSE FIRST BOSTON CORPORATION, was and is a duly organized and existing corporation chartered under and by virtue of the laws of the State of New York, with its principle place of business at 11 Madison

Avenue, County of New York, State of New York.

5.    That on or about July 1, 1998, the Credit Suisse First Boston Corporation contracted with the Hartford Insurance Company to provide Group Long Term Disabilty benefits to employees of Credit Suisse First Boston.  This plan became known as the "Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation," policy # GLT044278.

6.    At all times mentioned, the Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation was and is a duly organized and existing "employee benefits plan" as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*.

7.    That the plaintiff became an employee of Credit Suisse First Boston Corporation on or about June 1992.

8.    On August 24th 1998, the plaintiff enrolled in the Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation, effective September 1, 1998.

9.    That at all times mentioned, the plaintiff is and was a qualified and vested participant in the Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation.

10.   That the Hartford Life Insurance Company never provided the plaintiff with a Summary Plan Description as required by the Employee Retirement Income Security Act of 1974.

11.   By agreement dated September 2nd, 1999, Credit Suisse Terminated the plaintiff's employment with the effective date of termination as June 29th, 1999.

12.   The reason for this termination was the plaintiff's permanent disability and the resultant inability to perform the essential functions of his employment.

13.   That the plaintiff complied with all conditions so as to receive benefits under the Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation.

14. That on or about July 16th, 1999, the plaintiff timely requested payment of all benefits accrued in the abovementioned pension plan.

15. That the evaluation process undertaken by the Hartford Life Insurance Company in connection with the plaintiff's claim for disability benefits was not conducted in a timely fashion pursuant to 29 C.F.R. 2560.503-1(f).

16. That the evaluation process undertaken by the Hartford Life Insurance Company in connection with the plaintiff's claim for disability benefits illustrates a concerted strategy to avoid paying the disability benefits to which the plaintiff was entitled.

17. That in a letter dated October 13th, 2000, the Hartford Life Insurance Company denied the plaintiff's claim for benefits.

18. That the evaluation process undertaken by the Hartford and the resulting denial was arbitrary, illegal, capricious, unreasonable, discriminatory, an abuse of discretion, unsupported by any substantial evidence, unsupported by any sound interpretation of the law, and not made in good faith.

19. That the abovementioned denial letter failed to comply with the requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

20. Further internal review of the plaintiff's claim by the Hartford Life Insurance Company would be futile.

21. That as a direct and proximate result of the defendants' misconduct, the plaintiff has sustained damages in the amount of benefits due in accordance with the abovementioned plan.

22. That as a direct and proximate result of the defendants' misconduct, the plaintiff has incurred the attorney's fees and costs associated with this action.

**As and For a Cause of Action against Credit Suisse First Boston Corporation**

23.     The plaintiff repeats, reiterates and re-alleges each and every allegation contained in Items 1 though 22 in this complaint with the same force and effect as if fully set forth herein.

24.     Credit Suisse First Boston Corporation is designated as both the Sponsor and Administrator for the above-mentioned plan.

25.     That Credit Suisse First Boston Corporation was an agent of the plan for Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation and/or an agent of the Hartford Life Insurance Company with respect to the above-mentioned plan.

26.     That Credit Suisse First Boston Corporation, as plan administrator and agent of the above mentioned plan, created, fostered, and encouraged the plaintiff's reasonable expectation and reliance that he remained a qualified participant in the Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation between the plaintiff's termination date of June 29th, 1999, and final separation date of July 31st, 2000.

27.     That the plaintiff continued to pay the premium for the Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation between the plaintiff's termination date of June 29th, 1999, and final separation date of July 31st, 2000.

28.     That Credit Suisse First Boston Corporation, as plan administrator and agent of the above mentioned plan, created, fostered, and encouraged the plaintiff's reasonable expectation and reliance that upon termination and separation of employment with Credit Suisse First Boston through the above-mentioned agreement dated September 2nd, 1999 (effective June 29th, 1999),  he was entitled to and would receive benefits from the above-mentioned plan.

        **Wherefore**, the plaintiff seeks judgment against the defendants in the amount owed

under the provisions of the aforementioned Long Term Disability Plan, with interest accrued thereof, as well as the costs and reasonable attorneys fees associated with this action along with all other relief as the court deems just and proper.

_____
MARTIN J. WEISER, ESQ. (6966)
