UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RAJIV GARG,

        Plaintiff,

   -v-                                        No. 05 Civ. 5556 (LTS)

HARTFORD LIFE INSURANCE COMPANY
and CREDIT SUISSE FIRST BOSTON,

        Defendant.

-------------------------------------------------------x

LAURA TAYLOR SWAIN, U.S.D.J.

## MEMORANDUM ORDER

        Plaintiff Rajiv Garg ("Plaintiff" or "Garg"), a former employee of Defendant Credit Suisse First Boston Corporation ("CSFB"), brings this action against The Hartford Insurance Company ("Hartford") and CSFB (collectively "Defendants") challenging the denial of his claim for long term disability benefits under CSFB's Long Term Disability Plan. Plaintiff's Complaint invokes provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Defendant CSFB moves to dismiss the Complaint as against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion and seeks sanctions against CSFB. The Court has jurisdiction of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

        The Court has considered thoroughly all of the parties' submissions and, for the following reasons, grants Defendant CSFB's motion to dismiss the Complaint and denies Plaintiff's application for sanctions.

## BACKGROUND

The following facts, alleged in the Complaint, are taken as true for purposes of the instant motion to dismiss. CSFB is a corporation organized under the laws of New York, with a principal place of business located in New York. (Id. ¶ 4.) On or about July 1, 1998, CSFB contracted with Hartford to provide long term disability benefits under a plan known as the "Group Long Term Disability Benefits for Employees of Credit Suisse First Boston Corporation," with a policy number GLT044278 (the "LTD Plan"). (Id. ¶ 5.) CSFB was the administrator of the LTD Plan. (Id. ¶ 24.) Hartford evaluated Plaintiff's claim under the LTD Plan. (Id. ¶¶ 15-6.)

Plaintiff became an employee of CSFB on or about June 1992, and on August 24, 1998, enrolled in CSFB's LTD Plan. (Id. ¶¶ 7-8.) At all relevant times, Plaintiff was a qualified participant in the LTD Plan. (Id. ¶ 9.) Hartford never provided Plaintiff with a copy of the Summary Plan Description ("SPD") for the LTD Plan. (Id. ¶ 10.) By an agreement dated September 2, 1999, CSFB terminated Plaintiff's CSFB employment, effective June 29, 1999, as a result of Plaintiff's permanent disability and resultant inability to perform the essential functions of his job. (Id. ¶ 11.) Plaintiff complied with all the conditions necessary to receive LTD Plan benefits, including payment of the LTD Plan premium from June 29, 1999, to Plaintiff's final separation date of July 31, 2000. (Id. ¶¶ 13, 27.) On or about July 16, 1999, Plaintiff requested payment of accrued benefits under the LTD plan. (Id. ¶ 14.)[1]

---

[1] Though Plaintiff refers to a "pension plan" in paragraph 14 of the Complaint, it is clear from the context that Plaintiff is referring to an application for benefits under the LTD Plan.

By letter dated October 13, 2000, Hartford denied Plaintiff's claim for LTD benefits. (Id. ¶ 17.) In his First Cause of Action, asserted against Hartford, Plaintiff alleges that this denial, including the evaluation process of his claim, was arbitrary and capricious and was not supported by substantial evidence. (Id. ¶ 18.) In his Second Cause of Action asserted against CSFB, Plaintiff repeats and realleges the foregoing facts, and further alleges that CSFB, "as plan administrator and agent of the [LTD Plan], created, fostered, and encouraged . . . [Plaintiff's] reasonable expectation and reliance that upon termination and separation of employment with [CSFB] . . . he was entitled to and would receive benefits from the [LTD] [P]lan." (Id. ¶ 28.) Plaintiff seeks judgment against "the defendants in the amount owed under the provisions of the aforementioned [LTD] Plan" as well as interest, costs and attorneys' fees. (Id.)

## DISCUSSION

*Motion to Dismiss the Complaint*

In evaluating a motion to dismiss a complaint pursuant to Rule 12(b)(6), the Court must take as true the facts alleged in the plaintiff's complaint and draw all reasonable inferences in his favor. W. Mohegan Tribe & Nation v. Orange County, 395 F.3d 18, 20 (2d Cir. 2004); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court must not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "Although bald assertions and conclusions of law are insufficient, the pleading standard is nonetheless a liberal one." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

Plaintiff's Complaint is not a model of clarity. In particular, the legal basis of the Second Cause of Action and the entity against which it is asserted (i.e., the LTD Plan or CSFB as

an entity separate from the LTD Plan) are unclear. Interpreting the Second Cause of Action as one asserted against it in its corporate capacity, CSFB moves to dismiss the claim. CSFB argues that the Second Cause of Action is preempted to the extent it is based on common law tort principles, that it is time barred to the extent it seeks to assert a claim for breach of fiduciary duty and that, to the extent it seeks to invoke promissory estoppel as a basis for the recovery of LTD Plan benefits, it fails to state a claim and is, in any event, asserted against the wrong entity.

In his response to the motion, Plaintiff disclaims any intent to assert state common law or ERISA fiduciary causes of action,[2] characterizing his effort as a "recovery of benefits claim" pursuant to 29 U.S.C. § 1132(a)(1)(B). (Pl.'s Mem. in Opp. to Mot. to Dismiss, at 9.) As CSFB has explained in its papers, such a claim is properly asserted only against the LTD Plan itself or the LTD Plan's administrators or trustees in their capacity as such. (See Def.'s Mem. in Supp. of Mot. to Dismiss, at 5); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989); 29 U.S.C.A. § 1132(d) ("Service of . . . process . . . upon . . . an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. . . . Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.") (West 2006). Here, Plaintiff refers to CSFB's status as plan administrator in the body of his Complaint (see Compl. ¶¶ 24, 26, 28) but does not name CSFB "as Administrator" in the caption or otherwise indicate anywhere in the Complaint that CSFB is being sued only in its

---

[2] (See Pl.'s Mem. in Opp. to Mot. to Dismiss, at 6, 9.) Plaintiff also disclaims any effort to assert a cause of action pursuant to 29 U.S.C. § 1132(a)(3) for "other equitable relief" to redress Plan or ERISA violations or enforce the provisions of the LTD Plan. (See id., at 10.)

representative capacity.  Accordingly, to the extent Plaintiff seeks to assert a claim against CSFB as a corporate entity, rather than against the LTD Plan in its Second Cause of Action, the Complaint fails to state a claim.

Plaintiff's opposition to the dismissal motion offers the further explanation that the Second Cause of Action is intended to ground the benefit recovery claim on a theory of promissory estoppel – that is, that CSFB in its representative capacity misled Plaintiff as to his continued eligibility for the LTD Plan during the period for which he was on salary continuation. Defendant argues that Plaintiff's allegations cannot support a promissory estoppel argument.  To establish entitlement to ERISA benefits under a promissory estoppel theory, a plaintiff must show "extraordinary circumstances" and "satisfy four elements . . . (1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) and injustice if the promise is not enforced." Devlin, 274 F.3d at 85 (quotation marks omitted).  However, as has previously been noted, the pleading standard is a liberal one and a complaint ought not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46; Cooper, 140 F.3d at 440.

Plaintiff's Complaint and motion opposition papers could be read to suggest that CSFB misled him into delaying his application for LTD benefits until a time when he was no longer a participant covered under the terms of the LTD Plan.  While the Court cannot say whether such a set of facts, if proven would establish the requisite extraordinary circumstances and other elements of promissory estoppel, the Court certainly cannot at this stage conclude that there is no set of facts under which Plaintiff cannot make out a claim of promissory estoppel.

Accordingly, CSFB's motion to dismiss the Second Cause of Action will be granted, but Plaintiff will be given leave to replead his promissory estoppel theory as against the

Plan and/or CSFB in its capacity as Plan Administrator.

*Application for Sanctions*

In his opposition papers, Plaintiff acknowledges that "a separate motion for sanctions has not been served," but nonetheless asserts that "the Court would be well within its discretion if it found that [CSFB's] conduct [in moving to dismiss the Complaint] warrants an award of attorney's fees. *See* Fed. R. Civ. P. 11(c)(1)(b) [sic]." (Pl.'s Mem. in Opp. to Mot. to Dismiss, at 11.) The Court disagrees, and finds no indication that CSFB or its attorneys violated the provisions of Rule 11(b) in interposing the motion practice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Second Cause of Action is granted and Plaintiff's application for sanctions is denied. Plaintiff may, however, file and serve an Amended Complaint asserting a cause of action for the recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) on a promissary estoppel theory, against the LTD Plan and/or CSFB in its capacity as Administrator of the Plan, by October 31, 2006. If Plaintiff fails to file an Amended Complaint in a timely manner, the Second Cause of Action will be dismissed in its entirety with prejudice and without further advance notice.

SO ORDERED.

Dated: New York, New York
       October 12, 2006

Copies mailed 10/12/06
Chambers of Judge Swain

LAURA TAYLOR SWAIN
United States District Judge